## MASON *a*. RING.

*New York Superior Court; General Term, May,* 1863.

### ORDER.—STIPULATION.—REFERENCE.

The plaintiff having recovered a judgment setting aside a conveyance made by him of certain lots of land, and requiring the defendant to reconvey them to

Mason *a.* Ring.

him, the defendant appealed, and executed and deposited with the clerk of the court a deed thereof, as security to abide the event of the appeal ; and also stipulated with the plaintiff that any taxes, &c., paid by the latter should be a lien in his favor in case he should not ultimately prevail in the action. The Court of Appeals affirmed the judgment, but directed that the defendant be let in to prove a claim against the plaintiff for services, and that the lands stand as security for such claim, with power to the court below to release all or a part of the lands, or substitute other security, as might be equitable.

*Held,* that this authorized the court below, pending the further litigation, to release and order to be sold sufficient of the land to repay to the plaintiff the taxes, &c.,  which had been paid by him.

Pending the reference in such case to determine the amount due to the defendant, it is not proper to order another reference to ascertain what amount will probably be allowed him, and to release to the plaintiff so much of the land as is not necessary to secure such probable amount. The amount should be ascertained by prosecuting the first reference ; and meanwhile the security should not be changed or diminished, unless the plaintiff shows that continuing the existing security is a matter of special prejudice to him.

Appeal from an order.

In this action, the plaintiff sought to set aside a conveyance of forty-five lots of land in the city of New York, which he had made to James J. Ring, deceased, of whose estate the defendant, Zebedee Ring, was the administrator, and which was intended as a compensation for the intestate's services and disbursements as attorney and counsel and otherwise, during a period of thirteen years.

The plaintiff obtained a judgment of this court, upon a trial before Mr. Justice HOFFMAN, requiring defendant to reconvey to the plaintiff the land in question : from which judgment the defendant appealed ; and pending the appeal he executed the deed required by the judgment, and deposited the same with the clerk of the court, to abide the event of the appeal. The parties then entered into a stipulation, in which, after reciting the existence of such judgment, conveyance, and appeal, and the fact that there were taxes and assessments unpaid, and that other taxes and assessments might become a lien before the conclusion of the controversy, they agreed "that if the said James Mason shall have paid, or pay and discharge, or cause to be paid and discharged, any taxes and assessments, liens which have, at any time since the said judgment, been, or now are, or hereafter, before the termination of the controversy as aforesaid, may in any way exist or encumber the said lands, or

any part thereof, that the moneys so paid, with the interest upon them, shall, in case the said Mason shall not ultimately prevail, be and become a lien, in the nature of a mortgage, in his favor upon the said lands; and that the said Zebedee Ring, his executors, administrators, and assigns, shall, in that event, pay the said Mason the amount of taxes and assessments thereon so paid, with the interest thereon. -

"And that the said Zebedee Ring, his heirs or representatives, shall not be entitled to receive back from the clerk of this court the said deed, and the same shall not be returned to him upon any judgment in his favor in the said action, or upon such appeals, until he or they shall have paid or reimbursed to the plaintiff, or his legal representatives, any sum or sums of money paid by him or them for any liens for taxes or assessments which existed upon the said lands at the time of the original judgment recovered before Justice HOFFMAN, or at any time thereafter, prior to the decision of such appeals, together with the interest thereon."

Upon the appeal to the Court of Appeals, that court set aside the conveyance, but held that the defendant was entitled to recover compensation for the intestate's services: they opened the judgment appealed from for the purpose of having the value of the services, other than professional, ascertained and allowed to the defendant; and for this purpose directed the court below to proceed by reference or otherwise, and declared that the land in question should stand as security for the payment of such sum as might be found due by the plaintiff to the estate of the intestate. The remittitur contained some further provisions, which are hereinafter stated in the opinion of this court.

On the 29th of November, 1861, the plaintiff applied to this court upon the remittitur and affidavits, and obtained an order referring it to Henry Nicoll, Esq., to inquire and report on such claim. Some proceedings incidental to the reference are reported, 10 *Bosw.*, 598.

The plaintiff moved at special term in March, 1863, for an order that the deed of the lands be delivered to the plaintiff, on his giving a mortgage thereon to the defendant for such sums of money as might ultimately be adjudged due to him, with leave to sell from time to time, on substituting the pro-

ceeds of sales for the part sold ; or that a part of the lots might
be released from any lien in favor of the defendant, or that the
plaintiff might have leave to sell or mortgage a part of the lots.
This motion was made on affidavits alleging that delays in the
prosecution of the reference to ascertain the defendant's claim
had been caused by the defendant, and that meanwhile the
plaintiff had paid upwards of $17,000 taxes and assessments
on the 45 lots, and that the value of all the lots was upwards
of $150,000 ; and that if nine of the least valuable were sold
they would probably produce upwards of $21,000, sufficient to
repay the assessments in question.

The defendant opposed this motion, upon an affidavit ex-
plaining the delays upon the reference, and alleging that sev-
eral of the lots would have to be taken for opening new streets,
and that what would remain would be very heavily assessed
for improvements ; and that the lots remaining, if enough were
sold to repay the assessments already paid, would not much
exceed in value the amount of the defendant's claim, if sub-
stantiated, and that the security now held by the defendants
ought not to be diminished.

The motion was granted, the following opinion being ren-
dered.

ROBERTSON, J.—By the judgment of this court, which in that
respect is not altered by the judgment of the Court of Appeals,
the conveyance to the defendant's intestate, which was in ques-
tion, has become, irremediably, a mere security for the amount
due from the plaintiff,—in fact, a mortgage,—while the plaintiff
is owner of the fee.

The instrument under seal, executed by the defendant while
the appeal was pending, although in form a contract, the rights
arising under which in other respects may not be interfered
with in this action, is a stipulation in the action, so far as the
retention by the clerk of the court of the deed executed by the
defendant, for the security of advances by the plaintiff for taxes
and assessments, is concerned. That instrument evidently con-
templated the determination of the controversy by the decision
in the court of last resort, either by the reversal or affirmance
of the decision in this court ; in the former case making the
advances to be on account of property of the defendant, and in

the latter, of the plaintiff. The defendant cannot deprive the plaintiff of the benefit of the deed in the clerk's hands, as security for such advances; and as the property now belongs to the plaintiff, the payments have turned out to be on his own account.

Whether the Court of Appeals had this agreement under seal before them when making the order in the remittitur, is immaterial: they did give this court power to modify the security. They, probably, having overthrown the deed as a conveyance from client to counsel, intended that the latter should only have so much security as would protect his claim, and left it to the court to regulate it.

The plaintiff has strengthened the defendant's security, as well as protected his own interest, by the payment of taxes and assessments on the whole property. If it does not impair that security, he ought to have at least as much of the land conveyed to him as would enable him to reimburse himself for the outlay. The valuation of the lots on Fifty-fifth street, between Madison and Fourth avenues, seem sufficient for that purpose. The estimate of the rest of the property, given by an expert, who is not contradicted by any one shown to have any knowledge of the value of real estate in the neighborhood, is shown to be $122,000, exclusive of the land taken for Madison Avenue. The plaintiff has a judgment in this case for nearly $20,000, on which interest is due from its rendition, in November, 1858, amounting at present to nearly $25,000. This judgment was for money had and received for the plaintiff's use. The defendant's claim, as sworn to, is about $75,000, principally for work and labor, and some expenditure of money, the details of which are not given; and there is no evidence that any account was ever rendered. Interest, therefore, is probably not allowable on it (Rensselaer Glass Factory *a.* Reid, 5 *Cow.*, 587; Robinson *a.* Stewart, 10 *N. Y.*, 189); but if allowed for the same time as the plaintiff's claim on the judgment, the amount would swell to $97,000, and deducting the sum of $25,000 due to the plaintiff, the balance due the defendant would be $72,000. It would, therefore, be reasonable to give the defendant the benefit of as much of the land as would be security for $75,000, the largest amount which he would recover.

The plaintiff has never bound himself to pay any taxes and

assessments, and each party, without the agreement before mentioned, would have been obliged to protect his own interest by keeping down taxes and assessments. Still, it is possible that such encumbrances may arise before the determination of the controversy in this case; and as the plaintiff now is in the position of a mere mortgagor applying to redeem, enough property should be included in the mortgage to secure the defendant for any possible payments he may be obliged to make for taxes or assessments, unless the plaintiff can protect him by a separate bond of indemnity with good sureties against them.

In order to ascertain how much the probable amount of taxes and assessments may be, and what part of this land may be left in the hands of the defendant, as security therefor, and for the payment of $75,000, in case he recover the same and interest, there must be a reference to the same referee, before whom the proceedings for an account are pending, to determine what portion of the premises in controversy are sufficient for the purpose. The plaintiff may have forthwith a release of the property on Fifty-fifth street, if he desire that as part of the property to be released to him, and the reference can proceed as to the residue. Upon the confirmation of the referee's report, the defendant must release to the plaintiff the property not reported to be necessary for his own security, or the deed in the clerk's hands can be delivered to the plaintiff, who shall thereupon execute and deliver to the defendant a mortgage to him upon the land so reported to be a proper security, conditioned to pay the amount to be found due, on the accounting, and also a release of the covenant under seal contained in the agreement already referred to.

The order made herein to be settled on two days' notice, and amendments to be served one day before.

Pursuant to this decision, an order was entered, directing the clerk to deliver the defendant's deed to the plaintiff, upon the plaintiff's delivering in return therefor a mortgage on thirty-six of the lots conditioned for the payment of whatever sums should ultimately be found due to the defendant in the action, and on the plaintiff at the same time delivering a release of the covenants contained in the stipulation above referred to, and further providing that it be referred to the same referee,

who was proceeding with the investigation of the defendant's claim, " to inquire and report how many of the said thirty-six lots of land, if any, will be necessary or required to give the defendant sufficient security for the payment of the amount likely to be awarded to the defendant on the final judgment in this action . . . . and also any probable amount of taxes and assessments likely to accrue on such portion, if any, of the said thirty-six lots so required, before the termination of this action; and that on the coming in and confirmation of the report of the referee on the inquiry hereby directed, the said defendant shall execute and deliver to the plaintiff a release, from the said mortgage, of all of the said thirty-six lots of land, as shall not be reported as necessary or required to give the defendant sufficient security."

From this order the defendant now appealed.

*William Curtis Noyes,* for the defendant, appellant, argued that the stipulation gave Mason only a lien on the land for his payments, and no right to enforce reimbursement until the termination of the controversy; and that the whole property was no more than security for the probable amount of the defendant's claim, and that to compel the delivery of a deed and the acceptance of a mortgage was a substantial alteration of the decree, and of the contract of the parties.

*Henry A. Cram,* for the plaintiff, respondent, insisted that the decision and remittitur of the Court of Appeals empowered this court to make the order appealed from; and that as to form and detail its provisions were matter of discretion; which discretion, if its exercise could be reviewed on this appeal, was wisely exercised in this case.

BY THE COURT.*—BOSWORTH, Ch. J.—The remittitur from the Court of Appeals contains the following provisions, viz.:

"And it is further ordered and adjudged that the said Superior Court may from time to time, on the application of the plaintiff, make such order as to the forty-five lots standing as security aforesaid as said Superior Court may deem proper,

---

* Present, BOSWORTH, Ch. J., and MONCRIEF and WHITE, JJ.

either by releasing entirely or in part such forty-five lots as such security, or by allowing other security to be substituted; the said Superior Court to have the full power to do from time to time what shall be just and equitable between the parties as to security.

" And it is further ordered, that on the delay or the default of the defendant to prosecute the inquiry hereinbefore mentioned, the plaintiff shall be at liberty to prosecute the same. It is further ordered, that this judgment is to be without prejudice to the right of the court below to give such effect to any stipulation between the parties as such court shall think proper."

These provisions confer upon the court authority and jurisdiction to make the order appealed from.

Assuming that the manner of exercising discretion in making the order may be reviewed on appeal, we perceive nothing justifying a reversal of so much of it as directs a release of the nine lots. The accuracy of the valuation affixed to the nine lots to be released is not questioned, and it exceeds by only a small sum the advances made by the plaintiff to pay taxes and assessments.

So much of the order as directs a reference to ascertain the amount likely to be awarded to the defendant on the final judgment in this action, while a reference is pending to determine that amount, is not free from objection. The prompt and due execution of the latter order of reference will render the former an idle ceremony. There is no reason why the amount to be allowed to the defendant should not be ascertained with reasonable diligence. If there are intrinsic difficulties in ascertaining that sum, and if those difficulties necessarily require considerable time, there will exist the same difficulties in the way of a more speedy ascertainment of what that sum is likely to be. The plaintiff is authorized to prosecute the inquiry as to the amount actually due, if there be delay or default on the part of the defendant. And if there be no such delay or default, it is difficult to perceive why there should be a reference to ascertain the probable amount, pending the progress of a reference to ascertain the actual amount.

The plaintiff is not entitled to a release of the lots merely because he may desire it. Any amount which may be found due to the defendant is declared to be a lien on all the lots. Unless

it be shown to be a matter of special prejudice to the plaintiff to continue the existing security, so that justice to him and a due regard to his interests require that he should be permitted to substitute other security, or to have additional lots released, the defendant should not be deprived of the lien which has been adjudged in his favor.

The order must be modified, by reversing so much of it as directs a reference ; and as thus modified it must be affirmed, but without prejudice to the plaintiff's right to apply hereafter, from time to time, on showing facts calling for the interposition of the court, for a release of further lots, with or without giving substantial security, or for such other relief as may be just.